IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | |
| | : | No. 3:12-cv-53 (CAR) |
| $14,970.00 IN UNITED STATES | : | |
| FUNDS, | : | |
| | : | |
| Defendant Property. | : | |
| _____ | : | |

## ORDER ON MOTION FOR DEFAULT JUDGMENT AND FORFEITURE AND FINAL ORDER OF FORFEITURE

Before the Court is the Government's Motion for Default Judgment and Forfeiture and Final Order of Forfeiture [Doc. 8] of $14,970.00 in United States funds (Defendant Property).  No response has been filed, and the time to do so has expired. Upon consideration of the Government's verified complaint, its pending Motion, the relevant legal authorities, and the entire record in the case, the Government's Motion for Default Judgment and Final Order of Forfeiture [Doc. 8] is hereby **GRANTED**.

On April 27, 2012, the Government filed a Verified Complaint for Forfeiture *in rem* against Defendant Property alleging it constitutes proceeds traceable to money and/or other things of value furnished or intended to be furnished in exchange for a

1

controlled substance in violation of the Controlled Substance Act, 21 U.S.C. § 881 *et. al* and therefore subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6). On April 30, May 2, and May 7, 2012, copies of the Notice of Forfeiture, Verified Complaint, and Warrant of Arrest in Rem were sent to potential claimants Aubrey Bernard Banks, Haji B. Ceesay, and Aubrey Bernard Banks c/o Letter B Incorporated DBA Letter B Motor Cars, respectively, by certified mail.

Pursuant to the warrant of arrest *in rem* issued by this Court, Defendant Property was arrested and seized on May 2, 2012. For 30 days, from May 3 through June 1, 2012, notice of this forfeiture was published on the internet in accordance with Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

Under 18 U.S.C. § 983(a)(4)(A) and Rule G(5) of the Supplemental Rules, all claimants are required to file their claims with the Clerk of the Court within thirty-five (35) days after service of the complaint, or no later than sixty (60) days from the first day of publication on the official internet government forfeiture website, whichever occurred first. None of the above-named potential claimants has filed a claim with the Clerk of the Court.

As all claimants have failed to file a verified claim, answer, or otherwise

respond to the verified complaint, the Clerk entered a default on July 25, 2012.  The instant Motion seeks the entry of judgment in favor of the United States in the amount of $14,970.00 and a final order of forfeiture of Defendant Property.  Despite service of the Motion, no claimant has filed a response.

A court may enter a default judgment only if the factual allegations of the complaint, which are assumed to be true, provide a sufficient legal basis for entry of a default judgment.  Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.3d 1200, 1206 (5th Cir. 1975).  In view of the uncontested allegations and submitted affidavit as to the amount to be declared forfeited to the Government, the Court finds the factual allegations of the verified complaint for forfeiture *in rem* provide a sufficient legal basis for entry of a default judgment.  Accordingly, the Court finds that Defendant Property, $14,970.00 in United States currency, is money, negotiable in instruments, securities, or other things of value furnished or intended to be furnished in exchange for a controlled substance or listed chemical in violation of the Controlled Substances Act.  The Government's Motion for Default Judgment of Forfeiture is **GRANTED**.

The Government also seeks a final order of forfeiture as to Defendant Property pursuant to 21 U.S.C. § 881(a).  The Court finds that Defendant Property is subject to forfeiture because the verified complaint for forfeiture *in rem* states a factual and legal

3

basis for forfeiture under 21 U.S.C. § 881(a).  Further, no defense to the forfeiture has been interposed, and no opposition has been made to the motion for entry of a default judgment.  Thus, the motion for final order of forfeiture is **GRANTED**.  All right, title, and interest in the Defendant Property is hereby forfeited and vested in the United States, which shall have clear title to this property, may warrant good title to any subsequent transferee, and shall dispose of the property in accordance with the law.

      **SO ORDERED,** this 5th  day of October, 2012.


<u>S/  C. Ashley Royal</u>
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE

SSH